PEOPLE ex rel. COLLINS v. AHEARN et al.

(Supreme Court, Appellate Division, First Department. January 28, 1910.)

APPEAL AND ERROR (§ 422*)—NOTICE OF APPEAL—DEFECTS—NEW NOTICE.

  Where defendant served a notice of appeal on relator's attorney and filed a copy with the county clerk within the time prescribed, but the notice was returned because the paper on which it was typewritten was not of the quality and weight required by Code Civ. Proc. § 796, appellant having seasonably and in good faith served the notice, he would be allowed to serve a new notice nunc pro tunc, as authorized by Code Civ. Proc. § 1303.

  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2149; Dec. Dig. § 422.*]

Proceedings by the People, on the relation of James G. Collins, against James F. Ahearn, as President, etc., and others. Motion to allow notice of appeal to be served on relator's attorney. Granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, McLAUGHLIN, and DOWLING, JJ.

Theodore Connoly, for the motion.
Herbert C. Smyth, opposed.

PER CURIAM. It is not disputed but that on December 31, 1909, the defendant served a notice of appeal upon the attorney for the relator, and on the same day filed a copy of the notice of appeal with the county clerk. The notice served on the attorney for the relator was returned upon the ground that it did not comply with section 796 of the Code of Civil Procedure, in that the paper upon which such notice of appeal was typewritten was not of the quality and weight required by such section.

The appellant, therefore, seasonably and in good faith served a notice of appeal both upon the clerk and the attorney for the adverse party; the service upon the attorney for the adverse party not being in the form required by the Code of Civil Procedure. The objection taken to this notice of appeal was extremely technical, and, as a case is made out within section 1303 of the Code of Civil Procedure, the motion should be granted, and the defendant allowed to serve a notice of appeal upon the relator nunc pro tunc as of the 31st of December, 1909.